## Case No. 1,812.

### In re BRANDT.

[2 N. B. R. (1868) 215 (Quarto, 76).] [1]

District Court, D. North Carolina.

BANKRUPTCY—EXAMINATION OF BANKRUPT—POWER OF REGISTER.

A register has power to fill up a blank order for the examination of the bankrupt, issue the summons, and appoint the day and place for such examination. The register has no right to summon witnesses for the purpose of eliciting facts that may assist the creditors in preparing their specifications in opposition to the bankrupt's discharge; it is proper, however, to call the bankrupt before him to answer questions touching his bankruptcy. A register may

[1] [Reprinted by permission.]

do anything required to be done by the court within the provision of the bankrupt law, unless a controversy shall arise, in which event the question raised before him must be certified to the judge for his decision.

[Cited in Re Belden, Case No. 1,238; Re Vetterlein, Id. 16,926.]

In bankruptcy. The following question arose and was stated and agreed to by John W. Hinsdale, attorney for H. B. Claflin & Co., and Wolf, Mayer, Hays & Co., creditors of said bankrupt, having entered their appearance in opposition to the discharge of said bankrupt, and Mr. B. Fuller, attorney for said bankrupt, viz.: "Whether, upon the attendance of the bankrupt before the register, at a meeting to show cause in opposition to his discharge, a creditor, who has not obtained an order of the district court for his examination, has a right to examine him upon oath touching his bankruptcy, upon application to the register, if such right of examination is denied by the bankrupt."

Brief of John W. Hinsdale, attorney for creditors:

I. The register presiding at any meeting of creditors, pursuant to any order of the judge, holds a court of bankruptcy. 1. It was clearly the purpose of congress to relieve the federal court by providing for the appointment of registers, and conferring on them powers as assistants to the district judges, that would leave the district judge only to decide contested questions. When congress defined the register's duties, it was intended that they should perform all other duties imposed upon the district court, when there was no issue of law or of fact raised in the proceedings. 1 N. B. R. 170, quarto [In re Gettleston, Case No. 5,373]. 2. The bankrupt act requires the register to sit in chambers and dispatch there such part of the administrative business of the court, and such incontested matter as shall be defined in general orders and rules, or as the district judge shall in any particular matter direct. Bankrupt Act [1867; 14 Stat. 519] § 4. 3. It is apparent that both the statute and the supreme court treat the register acting in issuing the warrant and holding the meetings of creditors pursuant to its mandate, as also the meetings to show cause, as a court of bankruptcy. See Forms Nos. 8 and 22, Rice's Manual.

II. The register presiding at a meeting of creditors under order of the judge, to show cause, holding a court, has the same authority to order the examination of a bankrupt then and there before him, as the district judge would have in his own court or at chambers. And the bankrupt, in his petition for discharge, having expressed a willingness to submit himself to any other and further examination, upon which petition the judge made an order for meeting to show cause, cannot now decline to submit to such an examination.

III. The register, while holding his court of bankruptcy, has the power to adjourn from day to day, or to a distant day, at his discretion, as circumstances may require. 1. This power has been uniformly exercised by registers, and has never been called in question. In re Thompson [Case No. 13,935]. 2. The courts of the United States have power to adjourn to a distant day, and not merely from day to day. Conk. Pr. 107; Mechanics' Bank of Alexandria v. Withers, 6 Wheat. [19 U. S.] 106.

IV. The register should, therefore, allow the examination of the bankrupt upon application of creditors, and, refusing this, he should adjourn the meeting for the purpose of allowing the creditors further time to examine the said bankrupt upon regular summons; the ground upon which the motion for adjournment was based, being held by him to be sufficient.

B. & T. C. Fuller, for bankrupt.

John W. Hinsdale, for H. B. Claflin & Co., and Wolf, Mayer, Hays & Co., creditors.

BROOKS, District Judge. By the certificate of Mr. Guthrie, of the 21st of August, 1868, this question is presented: "Can a creditor, upon the attendance of the bankrupt before the register, at a meeting to show cause in opposition to his discharge, examine the bankrupt touching his bankruptcy, without first obtaining an order of the district court for his examination, if such right be denied by the bankrupt?"

The order for the examination of a petitioning bankrupt will be made as a matter of course, upon the application of a creditor, and the register is as competent to fill up the blank, issue the summons, and appoint the day and place for such examination as the judge. If the purpose be to elicit facts upon which to found or base the exception, it would not be competent for the register, on the request of any party, to summon any witness or person who may know or be suspected of knowing facts pertinent or that might assist the objecting creditor in preparing his specifications. For, in regard to such witnesses, and the facts they may know, a creditor would be left to the risk of establishing them upon the trial of the issues, as parties are in ordinary trials at law. With such persons and the information they possess, no one has any right to demand and obtain, otherwise than as it may be voluntarily given, unless it be upon the trial of some issues or questions made up.

But it is not so with the bankrupt petitioner in relation to such of his creditors as prove their debts, he stands upon different grounds altogether. When he files his petition, he asks that in consideration of his complying with every requirement of the law, that he may be absolved from every legal obligation to his creditors. This, it will be seen, is an extraordinary exemption that he asks; and when he asks this, the law only allows it when he surrenders himself to be dealt with in an extraordinary way, if the court shall see proper to exercise that power to the ends of justice. Information possessed by the bankrupt is often important to the proper adjustment of conflicting interest between creditors. Often important to detect the establishment of an unjust claim against his estate, important often to establish justice in disputes that might arise between assignees and debtors to the estate, or as between the assignees and such persons as may claim to have liens or priorities.

Then for all such, and for all other proper purposes, when the bankrupt files his petition, he submits himself to the order of the court, to be summoned or ordered and examined, at any and at all times when it may seem that the ends of justice may be furthered thereby. The register, at or after the meeting held by him upon the petition and notice to show cause why a final discharge shall not be granted, must report that he has examined the petitioner finally upon all matters touching his bankruptcy. Then we will suppose that at such time and place a creditor has appeared and asked the register upon such examination to propound or allow him to propound any proper question touching the bankruptcy, should he not be allowed to do so? It seems to me that if this was refused it would not be such an examination of the bankrupt as the law contemplates, or as the register is required to make. When the bankrupt asks to be discharged he must submit himself, if required, to be examined, with a view to show whether he has made a full and fair surrender. And it is ordinarily not a very favorable indication when we find one prompt to demand for himself the benefits of the law, and at the same time reluctant to comply with the just burdens or demands of the law.

The register is empowered to appoint and hold his courts and act at chambers, and what he may do is in aid of the judge of the district court. Hence, I conclude, that whenever an act by the bankruptcy law is required to be done by the court, the register may properly do that act, unless a controversy shall arise, and then the question raised must be certified by him. The provisions of the law relied upon by the bankrupt counsel is mainly to provide the means by which an absent bankrupt may be brought forward at a given day and place to be examined at the instance of a creditor or assignee. But if when he appear without this coercive power, the creditor or assignee happens to be present and desires to examine him, he must be permitted to do so, of course, unless it should appear that he has no good ground or reason to do so, but requested it merely to harass, of which I would always require some proof before I would come to such a conclusion.

The register, Mr. Guthrie, must summon the bankrupt before him, at a given day and place, at which the creditors, H. B. Claflin & Co., must have due notice, to the end that they may examine the said bankrupt in respect to all matters touching his bankruptcy. Let this be certified to Wm. A. Guthrie.

[NOTE. For subsequent proceedings herein, see Case No. 1,813.]